UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL EUGENE HAYNES,<br><br>Petitioner,<br><br>v.<br><br>JOSIE GASTELO, Warden,<br><br>Respondent. | NO. CV 18-7065-DSF (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (SUCCESSIVE PETITION) |

On August 15, 2018, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). Petitioner again challenges his 2009 conviction for murder and other crimes. The Court summarily dismisses the Petition because Petitioner previously challenged the same state court judgment in a habeas action that was dismissed with prejudice and lacks Ninth Circuit authorization to file a successive petition.

**I.**

**PROCEDURAL BACKGROUND**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's three prior federal habeas corpus actions in the Central District.

Petitioner was convicted of murder and other crimes in 2009. (Petition at

1-2.)

On December 9, 2011, Petitioner filed a Petition for Writ of Habeas Corpus that challenged the 2009 judgment. *Haynes v. Lewis*, CV No. 11-10197 GAF (RZ) ("*Haynes I*"). On December 20, 2012, the Court accepted the Magistrate Judge's Report And Recommendation, denied the petition with prejudice, entered judgment and denied a certificate of appealability. (Dkt. Nos. 27-29.) On April 10, 2013, the Ninth Circuit denied a certificate of appealability because the notice of appeal was not timely filed. (Dkt. No. 34.)

On January 16, 2015, Petitioner filed a second petition in this Court that challenged the same 2009 judgment. *Haynes v. Muniz*, CV No. 15-358 DSF (RZ) ("*Haynes II*"). On February 27, 2015, the Court summarily dismissed the petition as successive and denied a certificate of appealability. (Dkt. Nos. 7-8.)

On August 31, 2016, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody in the Northern District of California. On November 9, 2016, the action was transferred to this district. *Haynes v. Muniz*, CV 16-8400 DSF (AGR) ("*Haynes III*"). On November 21, 2016, the Court summarily dismissed the petition as successive and denied a certificate of appealability. (Dkt. Nos. 11-13.)

On August 15, 2018, Petitioner filed the current Petition and challenges the same 2009 conviction and sentence.[1] (Petition at 2.)

## II.

## **DISCUSSION**

The Petition was filed after enactment of the Antiterrorism and Effective

---

[1] In an attachment, Petitioner appears to argue for the first time that his counsel was ineffective for failing to seek a continuance for a hearing to determine whether Petitioner was competent to plead guilty. (Petition, Dkt. No. 1 at 12.) Petitioner did not plead guilty in the underlying criminal case. Petitioner was found guilty of murder during the course of a robbery and grand theft by a jury. Petitioner testified in his own defense at trial. (*Haynes I*, Report at 1, 8-9, Dkt. No. 21.)

Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a successive petition challenging the same conviction and sentence imposed by the same judgment of the state court as in *Haynes I, Haynes II and Haynes III.* A review of the Ninth Circuit's online database indicates that Petitioner has not requested, and has not received, leave to file a second or successive petition from the Ninth Circuit.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

## III.

## **ORDER**

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition for lack of subject matter jurisdiction. This dismissal is without prejudice to Petitioner's ability to seek authorization from the Ninth Circuit Court of Appeals on Ninth Circuit Form 12 with the proposed petition. (Ninth Circuit

Rule 22-3.)

DATED: 9/7/18

DALE S. FISCHER
United States District Judge